UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Ugochukwu Ossai

   v.                                              Civil No. 08-cv-436-JD
                                                  Opinion No. 2009 DNH 021

United States of America


O R D E R

Ugochukwu Ossai was convicted under the Hobbs Act, 18 U.S.C. § 1951(a), of committing robbery and conspiring to commit robbery, and he was sentenced to 100 months of incarceration. His conviction and sentence were affirmed on appeal. United States v. Ossai, 485 F.3d 25 (1st Cir. 2007). Ossai, who is proceeding pro se, moves for relief from his conviction and sentence under 28 U.S.C. § 2255, on the grounds of ineffective assistance of counsel and sentencing disparity.


Background

Ossai's girlfriend, Chanrathana Khem, worked at a Dunkin' Donuts in Bedford, New Hampshire. On December 29, 2004, at about 6:00 p.m, Ossai and Khem were parked in the Dunkin' Donuts parking lot, while two other employees, Justin Cassidy and John Chick, were working in the store. Cassidy went out to the parking lot to talk with Ossai and Khem. Ossai told Cassidy he

was going to rob the store later that night, showed Cassidy a gun, and asked Cassidy if he wanted to participate.  Cassidy went back to the store.

At 7:15 p.m. the same evening, Ossai, wearing a ski mask, entered the Dunkin' Donuts through a side door.  He ordered John Chick to lie down on the floor, and when Chick knelt instead, he held a gun to Chick's neck, stating that he did not want to hurt him.  Ossai handed Cassidy a pillowcase, and Cassidy emptied money from the cash register into it.  Ossai left.

When the police arrived, Chick told them that he recognized Ossai's voice and thought he was the robber.  No videotape was made of the robbery by the surveillance camera.  Within an hour of the robbery, police stopped Ossai, and he was arrested.

Ossai was represented by the Assistant Federal Public Defender, Jonathan R. Saxe.  Ossai was convicted following a three-day jury trial in July of 2005.  He was sentenced, on March 31, 2006, to 100 months imprisonment, to be followed by three years of supervised release.  He appealed, challenging the district court's denial of his motion to dismiss due to an alleged destruction or loss of the surveillance tape, the sufficiency of the evidence, and the reasonableness of his sentence.  His conviction and sentence were affirmed.

Discussion

For purposes of his § 2255 motion, Ossai contends that his counsel was constitutionally ineffective in failing to appeal the issue of the lack of timely notice that the prosecutor would seek a variance based on Ossai's conduct in jail and in failing to impeach John Chick by showing that he was a willing co-conspirator.[1]  Ossai also argues that the length of his sentence in comparison to the treatment of others who were involved in the robbery amounts to an unlawful sentencing disparity.

A.   Ineffective Assistance of Counsel

To show constitutionally ineffective assistance of counsel, Ossai must demonstrate that his counsel's representation fell below an acceptable standard and that the deficient representation caused prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984); see also United States v. Ofray-Campos, 534 F.3d 1, 34 (1st Cir. 2008).  Counsel's performance is measured deferentially, and the petitioner must show that the

---

[1] To the extent Ossai intended to raise the timely notice and impeachment issues on their merits, rather than in the context of ineffective assistance of counsel, the claims were procedurally defaulted, and Ossai has not shown cause for the default or resulting prejudice.  See Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007).

3

representation "fell below an objective standard of reasonableness" based on what counsel knew or should have known "at the time his tactical choices were made and implemented." Yeboah-Sefah v. Ficco, --- F.3d. ---, 2009 WL 400383, at *8 (1st Cir. Feb. 19, 2009). A showing of prejudice requires "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Malone v. Clarke, 536 F.3d 54, 64 (1st Cir. 2008) (quoting Strickland, 466 U.S. at 697).

    1.  Notice

At the sentencing hearing, the court calculated a total offense level of 26 and a criminal history category II, which resulted in an advisory Guideline sentencing range of 70 to 87 months. The prosecutor recommended a sentence at the top of the range, and defense counsel requested a sentence no greater than 70 months. At that point, the prosecutor informed the court that she had a witness from the jail where Ossai was being held who would testify about circumstances that would affect the sentence under factors provided in 18 U.S.C. § 3553(a) and stated that, based on the § 3553(a) factors, she would ask for a ten-year sentence.

Defense counsel objected on the ground that the prosecutor failed to provide notice as required under the local rules.  The prosecutor admitted her mistake but explained that she had provided the reports from the jail the day before and that defense counsel was aware of what she intended to do.  The court noted the anomaly that the prosecutor first recommended a sentence at the high end of the Guideline range and then asked for a ten-year sentence outside of the range.  The court allowed the prosecutor to call the witness.

Bruce Pelkie, the first shift supervisor at the Strafford County House of Corrections, where Ossai was being held, testified about Ossai's behavior at the jail.  Pelkie described numerous incidents, including instances where Ossai removed his handcuffs, flooded his cell, threw urine and feces, broke sprinkler heads off their fixtures, and scratched the glass in his cell.  Pelkie testified that Ossai was the worst inmate he had ever encountered.  In response, defense counsel stated that the behavior Pelkie described indicated that Ossai had serious psychological problems, which needed psychiatric treatment.

The court sentenced Ossai to concurrent terms of 100 months of imprisonment on each count and to a term of supervised release.  Defense counsel objected that the sentence was above the Guideline range.  The court noted counsel's objection.  In

explanation, the court stated that it considered both recommendations on sentencing and the statutory maximum of twenty years, the seriousness of the offenses which included holding a gun to Chick's neck while restraining him with his hand, the need for a sentence sufficient to deter others, Ossai's criminal history and the guarded prognosis for appropriate behavior, Ossai's behavior while in jail, the relative culpability of Ossai and his co-defendant, Khem, and Ossai's history of substance abuse.

Under the local rules of this district, a party requesting a departure under the Guidelines or a variance must file a motion to that effect no later than four days prior to the scheduled sentencing.[2]  LCrR 32(I).  Defense counsel objected to the prosecutor's failure to provide notice as required by the local rule.  Counsel objected again after Pelkie testified.  Ossai faults his counsel for failing to raise the issue on appeal.

As the record demonstrates, Ossai's sentence was based on multiple factors, including the considerations provided by § 3553(a).  The court considered Ossai's behavior in jail, along with Ossai's criminal history and recidivism, history of

---

[2] Ossai cites Federal Rule of Criminal Procedure 32(h) which does not apply to variances.  <u>Irizarry v. United States</u>, 128 S. Ct. 2198, 2204 (2008).

substance abuse, and behavior during the robbery.  Taken in the context of the sentencing factors, the dispute over Pelkie's testimony did not present a promising issue for appeal.

Applying the deferential standard applicable to ineffective assistance claims, counsel's representation did not fall below an objectively reasonable level based on his failure to appeal the notice issue.  In addition, Ossai cannot show prejudice.  Under the circumstances, there is no likelihood that he would have received a more lenient sentence if the notice issue had been successfully raised on appeal.

### 2. Impeachment

Ossai also contends that his counsel's representation was constitutionally ineffective because he failed to pursue questioning of the government's witness, John Chick, to impeach him by showing that he was a willing co-conspirator.  In particular, Ossai contends that Chick's testimony showed that he willingly dropped to his knees, not that Ossai forced him to, and that Chick contradicted himself in other testimony.  The testimony Ossai quotes and the transcripts of the trial document defense counsel's thorough efforts to impeach Chick.

Therefore, Ossai has not shown constitutionally ineffective representation on that ground.

B.  Sentencing Disparity

Ossai contends that his sentence, 100 months, violates due process and equal protection under the law because his co-conspirator, Chanrathana Khem, received a 33-month sentence, and Justin Cassidy and Andrew Pardi, who were also involved in the conspiracy were not sentenced to prison time.  In support of his claim, Ossai cites § 3553(a)(6), which directs a sentencing court "to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Relief under § 2255 must be based on demonstrating that the sentence was imposed in violation of the Constitution, the sentencing court lacked jurisdiction, the sentence exceeded the statutory maximum, or the sentence "was otherwise subject to collateral attack."  A sentence is otherwise subject to collateral attack only if the alleged error "reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice, or irregularities that are inconsistent with the rudimentary demands of fair procedure." Moreno-Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003) (internal quotation marks omitted).

In this case, Ossai has not shown a fundamental defect or irregularities. Section 3553(a)(6) focuses on whether unwarranted disparities exist in sentences imposed for similar conduct and on defendants with similar records. Khem was charged with one count of violating the Hobbs Act, for her part as the driver in the Dunkin' Donuts robbery. She pled guilty and was sentenced to 33 months. Justin Cassidy told the police about the robbery, after it occurred, and was not charged. Andrew Pardi was not involved in the robbery, although he knew about it. John Chick was not part of the robbery conspiracy.

Ossai committed the robbery, in conspiracy with Cassidy and Khem. He also carried a gun during the robbery and held the gun to Chick's neck, forcing him to kneel on the floor. Kehm played a more minor role, and Cassidy, who was sixteen years old, also played a minor role. Therefore, Ossai's conduct was not similar to the others, and no sentencing disparity occurred. Even if the circumstances suggested a disparity, which they do not, the differences do not even begin to approach a miscarriage of justice or unfair procedures.

To the extent Ossai intended to bring a claim that his sentence violated the equal protection clause of the Fifth Amendment, the claim fails. "The Constitution permits qualitative differences in meting out punishment and there is no

requirement that two persons convicted of the same offense receive identical sentences." Williams v. Illinois, 399 U.S. 235, 243 (1970); accord United States v. Lawrence, 179 F.3d 343, 347-48 (5th Cir. 1999).  Ossai's sentence was not arbitrary or conscience-shocking in a constitutional sense that would violate due process.  See Espinoza v. Sabol, --- F.3d ---, 2009 WL 485455, at *3 (1st Cir. Feb. 27, 2009).

## Conclusion

For the foregoing reasons, the petitioner's motion for relief under § 2255 is denied.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                                /s/ Joseph A. DiClerico, Jr.
                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

March 4, 2009

cc:  Aixa Maldonado-Quinones, Esquire
     Ugochukwu Ossai, pro se